# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2689

_____

United States of America,

*Plaintiff - Appellee,*

v.

Isaac Lee Loggins, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 15, 2020
Filed: July 31, 2020

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In 2002, Isaac Loggins, Jr., pleaded guilty to three counts of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and two counts of using a firearm during and in relation to those robberies. *See* 18 U.S.C. § 924(c). After all was said and done, the

district court[1] imposed a term of 353 months' imprisonment, including two consecutive sentences for the two firearms offenses.

In July 2019, Loggins moved to reduce his sentence based on asserted "extraordinary and compelling" circumstances. *See* 18 U.S.C. § 3582(c)(1)(A)(i). A motion under this section is sometimes described as a request for "compassionate release." *See United States v. Rodd*, No. 19-3498, 2020 WL 4006427, at *1 (8th Cir. July 16, 2020). Before the First Step Act of 2018, such relief was available only on motion of the Director of the Bureau of Prisons, but the new statute allows a prisoner to seek relief on his own initiative. The statute also provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Despite the statutory amendment, commentary to the Commission's relevant policy statement, USSG § 1B1.13, still says that a reduction may be granted "only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13, comment. (n.4). The commentary also lists circumstances that could be "extraordinary and compelling," including medical condition, age of the defendant, family circumstances, or another reason "determined by the Director of the Bureau of Prisons." *Id*., comment. (n.1). An application note acknowledges that the district court is "in a unique position to determine whether the circumstances warrant a reduction," after considering the factors set forth in 18 U.S.C. § 3553(a) and the circumstances listed in the policy statement. *Id*., comment. (n.4).

The district court recognized that the First Step Act allows relief without a motion by the Director. R. Doc. 117, at 2. The court concluded, however, that

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Loggins had not established extraordinary or compelling reasons to warrant compassionate release.

On appeal, Loggins argues that the district court, in evaluating a motion for reduction of sentence, is no longer constrained by the guideline commentary that limits permissible reasons for a sentence reduction. Although the commentary enumerates only three circumstances and other reasons "determined by the Director of the Bureau of Prisons," Loggins maintains that the First Step Act allows the court to consider reasons that are neither listed in the policy statement nor "determined by the Director."

We need not decide whether the statute supersedes the policy statement in this respect, because the district court's order shows that it considered the circumstances urged by Loggins and found them insufficient. The court considered Loggins's contention that current law no longer calls for "stacking" of consecutive sentences for multiple violations of 18 U.S.C. § 924(c), but explained that the change in law does not apply retroactively. The court also discussed Loggins's efforts at rehabilitation, and commended him for his positive accomplishments while incarcerated, but found that they did not amount to extraordinary or compelling reasons warranting a reduction.

Loggins complains that the district court did not expressly consider the *combination* of his rehabilitative efforts and the change in penalties under § 924(c). Although the court rejected a freestanding argument for relief under the First Step Act based on the change in § 924(c) penalties, and did not refer again to § 924(c) in its discussion of compassionate release, we are not convinced that the court ignored that circumstance in reaching its ultimate conclusion. Where the court expressly considered post-sentencing rehabilitation (a circumstance not listed in § 1B1.13), the more natural inference is that the court did not feel constrained by the circumstances enumerated in the policy statement, but simply found that a non-retroactive change

in law did not support a finding of extraordinary or compelling reasons for release. The order did not misstate the law, and we do not require a district court to make a specific rejoinder to every circumstance cited in support of a reduction. *See United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010).

The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence. The conclusion here was a reasonable exercise of that discretion. The order of the district court is affirmed.

_____