NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2422
_____


UNITED STATES OF AMERICA

v.

MICHAEL NORWOOD,
                          Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-96-cr-00232-001)
District Judge:  Honorable Robert B. Kugler
_____



Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2021


Before:  AMBRO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed: January 27, 2021)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Michael Norwood appeals from an order of the United States District Court for the District of New Jersey denying his motion for a reduction of his sentence under Section 601(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the following reasons, we will affirm.

In 1997, Norwood was convicted of bank robbery, armed bank robbery, carjacking, two counts of use of a firearm in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)), and possession of a firearm by an armed career criminal. He was sentenced to life imprisonment plus 25 years. We affirmed his conviction on direct appeal. United States v. Norwood, 142 F.3d 430 (3d Cir. 1998). Norwood was resentenced twice,[1] most recently in 2013 to an aggregate term of 500 months' imprisonment, after his conviction for armed robbery was subsequently vacated on double jeopardy grounds. See ECF No. 196. At that sentencing hearing, the District Court indicated that it was constrained by the "stacking provisions" of § 924(c), which required a mandatory 25-year sentence for defendants, like Norwood, convicted of multiple § 924(c) convictions in a single prosecution, see United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019) (citing Deal v. United States, 508 U.S. 129, 132 (1993)). See ECF No. 202 at 25-26. We affirmed the judgment of sentence. See United States v.

---

[1] In 1999, the District Court granted Norwood's motion to vacate his sentence, brought pursuant to 28 U.S.C. § 2255, after determining that it had miscalculated his sentence under the Sentencing Guidelines. Norwood was resentenced to 327 months plus 25 years' imprisonment. See ECF No. 135.

Norwood, 566 F. App'x 123 (3d Cir. 2014).

In May 2020, Norwood sought to reduce his sentence again, this time under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the § 601(b) of the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[2] To support his motion for compassionate release, Norwood primarily relied on another provision of the First Step Act, § 403, which removed the mandatory 25-year sentence for a second or subsequent § 924(c) offense committed before the first § 924(c) conviction was final. See Pub. L. No. 115-391, 132 Stat. at 5222, § 403(a). Congress did not make § 403(a) retroactive to defendants, like Norwood, who were convicted and sentenced prior to its enactment. See Pub. L. No. 115-391, § 403(b) (applying the change only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"); United States v. Hodge, 948 F.3d 160, 163 (3d Cir. 2020). Norwood maintained, however, that the 15-year disparity between his sentence and the sentence he would receive were he sentenced today under 924(c), as amended by the FSA, is an extraordinary and compelling reason to grant compassionate release. See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) (holding that "the severity of defendants' sentences, coupled with the disparity between those sentences and sentences they would receive today, constituted extraordinary and

---

[2] A defendant must first make a request to the BOP before filing a motion for compassionate release. There is no dispute that Norwood exhausted his administrative remedies before filing his motion.

3

compelling reasons for relief under the First Step Act"); but see United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020) (affirming the district court's determination that, as a non-retroactive change in law, § 403 did not support a finding of extraordinary or compelling reasons for release).

The District Court denied the motion for compassionate release. It determined that, regardless of whether Norwood could establish "extraordinary and compelling reasons" demonstrating his eligibility for modification of his sentence, the sentencing factors under 18 U.S.C. § 3553(c), particularly the need to reflect the seriousness of the offense, to provide a just punishment and to afford adequate deterrence, weighed against reducing his sentence. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Those sentencing factors require the courts to consider, inter alia, the

4

nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in Jones's case but that the § 3553(a) factors counseled against granting compassionate release").

The District Court properly weighed the § 3553(a) factors in denying compassionate release.[3] It emphasized the seriousness of Norwood's offense, particularly the violent nature of both the armed robbery and the subsequent carjacking. The Court noted that, although no one was killed, Norwood "put the lives of numerous individuals in mortal peril." ECF No. 245 at 4. The Court concluded that these serious, violent offenses warranted a severe sentence both to provide for a just punishment and to serve

---

[3] Contrary to Norwood's argument on appeal, the District Court did not deny his compassionate release motion on the ground that § 403 of the First Step Act was not made retroactive. The District Court merely noted that Norwood was not eligible for relief under that provision of the Act. See ECF No. 245 at 3.

as an adequate deterrent to would-be bank robbers and carjackers.  We find no abuse of discretion in its assessment of these factors.

Norwood argues that the District Court failed to consider the sentencing judge's comments at Norwood's 2013 resentencing expressing disapproval of the 924(c) stacking provisions that the judge was bound to impose.  We are not convinced that the District Court did not consider these comments.  In any event, although a sentencing judge's view "may inform whether immediate release would be consistent with [the § 3553(a)] factors," Palowski, 967 F.3d at 331, Norwood points to no authority requiring such consideration.  See generally United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020) (noting that "the sentencing court's statements about the injustice of [defendant's] lengthy sentence might perhaps weigh in favor of a sentence reduction" but declining "to suggest that [this consideration] necessarily appli[ies]").  And even if we "might reasonably have concluded" that a sentence reduction was warranted, that conclusion would be "insufficient to justify reversal of the district court."  Gall v. United States, 552 U.S. 38, 51 (2007).

Finally, the District Court did not err in rejecting Norwood's argument that his post-conviction rehabilitation weighed in favor of a sentence reduction.  The Court properly noted that Norwood's efforts at rehabilitation were taken into account when he was last resentenced; at that time, the sentencing court indicated that it was imposing a term of 500 months' imprisonment, rather than the 627-month sentence the Government sought, in part because Norwood had "shown some socially responsible behavior . . . while in prison."  ECF No. 245 at 4 (citing ECF No. 202 at 26).

Based on the foregoing, we conclude that the District Court did not abuse its discretion in denying the motion for compassionate release. We therefore will affirm the District Court's judgment.