# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2158

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry L. Gater

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 12, 2021
Filed: May 24, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jerry L. Gater appeals the district court's[1] order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We affirm.

Gater was convicted of possession with intent to distribute cocaine.[2] On March 8, 2016, the district court sentenced Gater, then 59 years old, to a term of imprisonment of 146 months. On March 23, 2020, Gater moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018. Counsel was appointed to represent Gater and supplemented Gater's *pro se* motion. Gater advanced several reasons in support of his compassionate release request, which focused primarily on the COVID-19 pandemic and heightened danger to inmate safety.[3] Gater asked the district court to consider, in relevant part: (1) a general claim that the aging process has caused him to suffer a number of medical issues that makes imprisonment more difficult for him than others; (2) the growing COVID-19 infection rate at the BOP facility where Gater is housed; and (3) a greater risk for serious consequences if he contracts COVID-19 because of his age and Hepatitis C infection.

Gater contends on appeal that the district court misapplied the statutory requirements set forth in § 3582(c)(1)(A) and also abused its discretion when it denied his motion for compassionate release. "We review de novo the applicability

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]Gater's conviction was affirmed by this Court. United States v. Gater, 868 F.3d 657 (8th Cir. 2017).

[3]Gater's *pro se* filings mostly challenged the validity of his conviction or length of his sentence. Gater raises similar arguments in a *pro se* reply brief he sent to this Court. He also submitted three other *pro se* supplemental briefs. Gater's motions for leave to file *pro se* supplemental briefs and a reply brief are denied. See United States v. Robertson, 883 F.3d 1080, 1087 (8th Cir. 2018) (noting the "longstanding Eighth Circuit policy" to not accept *pro se* briefs for filing when a party is represented by counsel).

of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction. We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (internal citation omitted).

Prior to the enactment of the First Step Act of 2018, motions for compassionate release could only be brought by the Director of the Bureau of Prisons ("BOP"); now, however, prisoners are authorized by statute to bring such motions themselves if, after defendant makes a request to the warden, the BOP fails to pursue relief on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A); United States v. Loggins, 966 F.3d 891, 892 (8th Cir. 2020). Section 3582(c)(1)(A) provides that a sentence reduction "must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" Loggins, 966 F.3d at 892 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Section 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G.") contains the policy statement applicable to sentence reductions under § 3582(c)(1)(A). But, because the Sentencing Commission has been without a quorum since shortly after adoption of the statutory amendment, the commentary has not been amended and continues to state that relief may be granted "only upon motion by the Director of the [BOP]." U.S.S.G. § 1B1.13, comment. (n.4). The commentary also lists circumstances that could be "extraordinary and compelling" to warrant compassionate release, including medical conditions, age of the defendant, family circumstances, or other reasons "determined by the Director of the [BOP]." Id., comment. (n.1). It further notes that after the district court has considered the factors set forth in 18 U.S.C. § 3553(a) and the criteria listed in the policy statement, the district court "is in a unique position to determine whether the circumstances warrant a reduction." Id., comment. (n.4).

Although the First Step Act changed the procedures for bringing compassionate release motions under § 3582(c)(1)(A), whether to grant relief

continues to be vested in the district court's sound discretion. See United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021) (stating the passage of the First Step Act in 2018 did not change the discretion afforded the district court); Loggins, 966 F.3d at 893 (noting the district court's "broad discretion" when considering compassionate release motions); 18 U.S.C. § 3582(c)(1)(A)(i) (stating the district court "may" reduce the term of imprisonment upon motion by the Director of the BOP or the defendant).

We need not decide whether the statute supersedes the list of circumstances set forth in the policy statement. Here, the district court's reference to consideration of the § 3553(a) factors and its examination of Gater's claims regarding the COVID-19 pandemic make plain that it did not limit its analysis to only those circumstances listed in the commentary to U.S.S.G. § 1B1.13. "[W]e do not require a district court to make a specific rejoinder to every circumstance cited in support of a reduction." Loggins, 966 F.3d at 893. The substance of the district court's order demonstrates that the court found Gater did not have any "major" medical issues and the mere possibility of contracting COVID-19 in prison, alone, without a showing that the BOP is unwilling or unable to guard against or treat the infection does not meet the extraordinary or compelling standard to warrant a sentence reduction. We find neither a misapplication of § 3582(c)(1)(A), nor an abuse of discretion.

The heart of Gater's appeal is his disagreement with the district court's determination that the COVID-19 pandemic is not an extraordinary and compelling circumstance to warrant a sentence reduction in his case. As noted by the district court, Gater's care level in prison demonstrates no particularized susceptibility to COVID-19. Other Circuits addressing the pandemic in this context have applied reasoning similar to the district court's. See, e.g., United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) (noting "[f]ear of COVID doesn't automatically entitle a prisoner to release" and affirming denial of compassionate release request to otherwise healthy defendant who had two, well-controlled, chronic medical conditions); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining "the

mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Gater's disagreement with the court's analysis and weight it allocated to the COVID-19 pandemic in his case does not establish an abuse of discretion.

Upon our careful review of the record, we conclude the district court did not abuse its broad discretion in determining that the circumstances proffered by Gater were insufficient to warrant a sentence reduction. See Loggins, 966 F.3d at 893. The judgment of the district court is affirmed.

_____