# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1947

_____

United States of America

*Plaintiff - Appellee*

v.

Clarence Robinson, also known as Fuzzy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 15, 2021
Filed: August 18, 2021
[Published]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Clarence Robinson appeals the district court's denial of his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194. Having jurisdiction under 28 U.S.C. § 1291, we conclude that the district court erred in determining that Robinson remains subject to a mandatory life sentence, and we reverse and remand for further proceedings.

# I. Background

In 1995, Robinson was indicted for conspiracy to distribute and possess with intent to distribute a "detectable amount" of cocaine base, otherwise known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Later that year, a jury found Robinson guilty "as charged in the indictment." The jury did not make any finding as to the drug quantity involved, but the district court at sentencing determined by a preponderance of the evidence that Robinson was responsible for 2.35 kilograms of crack cocaine. Based on this amount, the court determined that Robinson should be sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) (1994), which at the time applied to violations of § 841(a)(1) involving 50 grams or more of crack cocaine. Because Robinson had two prior convictions for felony drug offenses, the court sentenced him to a mandatory term of life imprisonment. See 21 U.S.C. § 841(b)(1)(A) (1994).[1] On direct appeal, we affirmed Robinson's conviction and life sentence. See United States v. Robinson, 110 F.3d 1320, 1328 (8th Cir. 1997).

On August 19, 2019, Robinson filed a pro se motion to reduce his sentence under the First Step Act. On May 5, 2020, the district court denied relief. The court found that Robinson was eligible for a reduced sentence but that he nevertheless remained subject to a mandatory life sentence based on the total drug quantity of 2.35

---

[1]For defendants like Robinson with *two* prior felony drug offense convictions, the applicable statutory sentencing range turned on the quantity of drugs involved. 21 U.S.C. § 841(b)(1)(A)–(C) (1994). Under § 841(b)(1)(A)(iii), for crimes involving 50 grams or more of crack cocaine, a defendant with *two or more* prior convictions for a felony drug offense was subject to a mandatory term of life imprisonment. In comparison, under § 841(b)(1)(B)(iii), for crimes involving 5 grams or more of crack cocaine, a defendant with *one or more* prior felony drug offense convictions was subject to a statutory sentencing range of 10 to life. And under § 841(b)(1)(C), for crimes involving an unspecified amount of crack cocaine, a defendant with *one or more* prior felony drug offense convictions could be sentenced to no more than 30 years' imprisonment.

kilograms of crack cocaine and his two prior convictions. See 21 U.S.C. § 841(b)(1)(A) (2010). Robinson now appeals.

## II. Discussion

A district court applying the First Step Act "'proceeds in two steps,' first determining whether the defendant is eligible for a reduction and then deciding whether to exercise its discretion to grant such reduction." United States v. Black, 992 F.3d 703, 704 (8th Cir. 2021) (quoting United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019)). "We review de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction." McDonald, 944 F.3d at 771. "We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." Id.; see First Step Act, Pub. L. No. 115–391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "A district court abuses its discretion when it makes an error of law or a clearly erroneous assessment of the evidence." United States v. Weiland, 284 F.3d 878, 882 (8th Cir. 2002) (citing Koon v. United States, 518 U.S. 81, 100 (1996)).

Congress enacted § 2 of the Fair Sentencing Act of 2010 to reduce the sentencing disparity between offenses involving crack cocaine and those involving powder cocaine from 100-to-1 to 18-to-1. See McDonald, 944 F.3d at 771; see also United States v. Shaw, 957 F.3d 734, 737 (7th Cir. 2020) ("[The Fair Sentencing Act] reflected a recognition that the tremendous disparities in punishment of powder-cocaine and crack-cocaine offenses disparately impacted African Americans."). It did so by raising the quantities of crack cocaine necessary to trigger certain mandatory sentencing ranges under 21 U.S.C. § 841(a)(1). See Fair Sentencing Act, Pub. L. No. 111–220, § 2(a), 124 Stat. 2372, 2372. Specifically, it increased the threshold quantity for the 10-year mandatory minimum sentence from 50 to 280 grams, 21 U.S.C. § 841(b)(1)(A)(iii), and increased the threshold quantity for the 5-year

mandatory minimum sentence from 5 to 28 grams, 21 U.S.C. § 841(b)(1)(B)(iii).[2] See McDonald, 944 F.3d at 771; Terry v. United States, 141 S. Ct. 1858, 1861 (2021). But the Act was not retroactive, and only those sentenced after August 3, 2010, could benefit from the new, more lenient threshold quantities. See Dorsey v. United States, 567 U.S. 260, 282 (2012).

In 2018, Congress enacted the First Step Act to make certain provisions of the Fair Sentencing Act retroactive. See McDonald, 944 F.3d at 771; see also United States v. White, 984 F.3d 76, 89 (D.C. Cir. 2020) ("[I]n passing the First Step Act, 'Congress . . . authorized the courts to provide a remedy for certain defendants who bore the brunt of a racially disparate sentencing scheme.'" (cleaned up) (quoting United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020))). As relevant here, § 404(b) permits the court that imposed the initial sentence for a "covered offense" to impose a reduced sentence as if § 2 of the Fair Sentencing Act were in effect at the time the covered offense was committed. See First Step Act, Pub. L. No. 115–391, § 404(b), 132 Stat. 5194, 5222.

Here, the district court concluded, and the government does not contest on appeal, that Robinson is eligible for a reduced sentence under the First Step Act because he was convicted of and sentenced for a "covered offense." An offense is a "covered offense" if "(1) it is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010." McDonald, 944 F.3d at 772. "The First Step Act applies to offenses, not conduct, and it is [Robinson's] statute of conviction that determines his eligibility for relief." Id. (cleaned up). To determine a defendant's offense of conviction, we may "consult the record, including the movant's

---

[2]These changes also affected the applicable statutory sentencing ranges for defendants with prior convictions for felony drug offenses. See 21 U.S.C. § 841(b)(1)(A)–(C) (2010); see also supra note 1.

charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." United States v. Jones, 962 F.3d 1290, 1300–01 (11th Cir. 2020). Robinson was indicted and convicted of conspiracy to distribute a *detectable amount* of crack cocaine, yet the district court sentenced him for conspiracy to distribute *50 grams or more* of crack cocaine. Thus, the statute of conviction under which Robinson was sentenced to life imprisonment is 21 U.S.C. § 841(b)(1)(A)(iii). See Robinson, 110 F.3d at 1327 (affirming Robinson's mandatory life sentence "as required by 21 U.S.C. § 841(b)(1)(A)"). Because the statutory penalties of that provision were modified by § 2 of the Fair Sentencing Act—raising the requisite threshold quantity from 50 grams to 280 grams—Robinson's offense is a covered offense, and he is consequently eligible for a sentence reduction. See McDonald, 944 F.3d at 772; United States v. Banks, 960 F.3d 982, 984 (8th Cir. 2020) (concluding that the defendant, who was found accountable for 2.8 kilograms of crack cocaine at sentencing, was eligible for sentence reduction under the First Step Act); see also Terry, 141 S. Ct. at 1863 (noting that the Fair Sentencing Act "plainly 'modified' the 'statutory penalties'" of 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii)).

The district court was of the view, however, that it could not reduce Robinson's sentence because he "remain[ed] subject to a mandatory life sentence." Relying on the sentencing court's prior finding that Robinson was responsible for 2.35 kilograms of crack cocaine, the district court concluded that Robinson would have been subject to the same mandatory life sentence had the Fair Sentencing Act been in effect at the time he committed the covered offense. That is, because the revised version of § 841(b)(1)(A)(iii) provided for a mandatory life sentence if the defendant was convicted for 280 grams or more of crack cocaine and had two or more prior felony drug offense convictions, the court reasoned that the sentencing court's drug quantity finding satisfied that threshold, depriving it of the discretion to reduce Robinson's sentence under the First Step Act.

This reasoning is contrary to the principle that "[t]he First Step Act applies to offenses, not conduct." McDonald, 944 F.3d at 772. A movant's statutory sentencing range under the First Step Act is dictated by the movant's offense of conviction, not his relevant underlying conduct. See White, 984 F.3d at 86 (rejecting the rule that relief is "available" under the First Step Act "only if the Fair Sentencing Act 'would have had an effect on a defendant's sentence' as calculated using the specific drug quantity attributable to a defendant").

In United States v. Birdine, 962 F.3d 1032 (8th Cir. 2020), for example, we considered the First Step Act motion of Birdine, who like Robinson had been sentenced to mandatory life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) for conspiracy to distribute 50 grams or more of crack cocaine with two prior felony drug offense convictions. Id. at 1033. Additionally, similar to this case, the sentencing court had found that Birdine was responsible for more than 6 kilograms of crack cocaine. See id. After determining that Birdine was eligible for sentence reduction under the First Step Act because his offense of conviction—for 50 grams or more of crack cocaine—was modified by § 2 the Fair Sentencing Act, we determined that Birdine's statutory sentencing range was governed by 21 U.S.C. § 841(b)(1)(B)(iii), which after the Fair Sentencing Act applied to crimes involving 28 grams or more of crack cocaine. See id. at 1034 ("[B]ecause Birdine still has a prior felony drug offense conviction, the statutory sentencing range is 'not . . . less than 10 years and not more than life imprisonment.'" (quoting 21 U.S.C. § 841(b)(1)(B)(iii))). Thus, Birdine's applicable statutory sentencing range under the First Step Act was based on his offense of conviction (for 50 grams or more of crack cocaine), not the sentencing court's drug quantity finding (for more than 6 kilograms of crack cocaine). See also United States v. Howard, 962 F.3d 1013 (8th Cir. 2020) (holding that the statutory sentencing range of the First Step Act movant, who had been originally sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) for conspiracy to distribute 50 grams or more of crack cocaine, was provided by 21 U.S.C. § 841(b)(1)(B)(iii), even though

the sentencing court had found by a preponderance of the evidence that he was responsible for at least 1.5 kilograms of crack cocaine).

Therefore, Robinson's offense of conviction—not the underlying drug quantity—determines his applicable statutory sentencing range. See, e.g., United States v. Smith, No. 20-1892, 2021 WL 2069964, at *1 (8th Cir. May 24, 2021) (per curiam) (determining that the movant, who was originally sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) for 50 grams or more of crack cocaine, was subject to the statutory sentencing range of 21 U.S.C. § 841(b)(1)(B)(iii) for 28 grams or more of crack cocaine under the First Step Act); United States v. Moore, 816 F. App'x 34, 35 (8th Cir. 2020) (per curiam) (same); United States v. Goolsby, 806 F. App'x 502, 503 (8th Cir. 2020) (per curiam) (same); United States v. Grant, 813 F. App'x 246, 249 (8th Cir. 2020) (per curiam) (same); cf. White, 984 F.3d at 87 ("The First Step Act provides relief even where the penalty range applicable to a defendant's specific drug amount – whether judge-found or jury-found – would remain the same after application of the Fair Sentencing Act."). But see Jones, 962 F.3d at 1303 (holding that a district court lacks the authority to reduce a movant's sentence under the First Step Act if, relying on "a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing," "the movant's sentence would have necessarily remained the same had the Fair Sentencing Act been in effect").

At his initial sentencing, Robinson faced a mandatory term of life imprisonment because he was convicted and sentenced for conspiracy to distribute 50 grams or more of crack cocaine and because he had two prior felony drug offense convictions. See 21 U.S.C. § 841(b)(1)(A)(iii) (1994). Under the Fair Sentencing Act, the statutory sentencing range for his conspiracy to distribute 28 grams or more of crack cocaine, including his prior convictions, is now "not . . . less than 10 years and not more than life imprisonment." Id. § 841(b)(1)(B)(iii) (2010). Thus, the district court erred as a matter of law when it relied on the sentencing court's drug

quantity finding of 2.35 kilograms of crack cocaine to determine Robinson's applicable statutory sentencing range under the Fair Sentencing Act and the First Step Act.

Because the district court erroneously concluded that relief was "categorically unavailable due to defendant-specific drug quantities," White, 984 F.3d at 88, we remand the case to permit the court to reconsider whether to exercise its discretion to impose a reduced sentence. On remand, the court may hold a hearing to conduct a complete review of Robinson's motion on the merits, see United States v. Williams, 943 F.3d 841, 843 (8th Cir. 2019); may analyze the § 3553(a) factors, including post-sentencing rehabilitation, see Banks, 960 F.3d at 985; United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020); and may take other considerations, including the sentencing court's drug quantity finding, into account when deciding whether to exercise its discretion, see United States v. Ware, 964 F.3d 482, 488–89 (6th Cir. 2020); White, 984 F.3d at 88; Moore, 963 F.3d at 729. We express no opinion as to whether Robinson merits a reduction of his sentence under the First Step Act, which is reserved to the district court's discretion.

## III. Conclusion

Accordingly, we reverse and remand to the district court to determine whether to exercise its discretion to reduce Robinson's sentence.

GRASZ, Circuit Judge, dissenting.

After determining that Robinson *was eligible* for First-Step-Act relief, *see United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) (holding the First Step Act "applies to offenses, not conduct"), the district court held that Robinson "remain[ed] subject to a mandatory life sentence" because the sentencing court had

found he was responsible for 2.35 kilograms of crack cocaine. The district court understood that this large amount meant that Robinson would be subject to the same mandatory life sentence (considering his two prior felony convictions) *even if* the Fair Sentencing Act had been in effect when he committed the offense. To go below the statutory minimum, the district court recognized that it would have to revise the drug quantity found by the sentencing court, which it believed was impermissible. *Cf. Walker v. United States*, 810 F.3d 568, 574–75 (8th Cir. 2016) (holding the rule from *Alleyne v. United States*, 570 U.S. 99, 115–16 (2013), that any fact that increased the mandatory minimum sentence must be submitted to a jury, does *not* apply retroactively).

The court sees it differently. In its view, the district court should not have viewed the drug-quantity finding as limiting its discretion to reduce the sentence. According to the court, on remand the district court *may* (but need not) consider and presumably revise the initial sentencing court's drug-quantity finding. I respectfully disagree.

While a district court certainly has discretion to reduce an eligible defendant's sentence under the First Step Act, I do not view that discretion as boundless. One limit on that discretion, as the Eleventh Circuit has recognized, should be "a previous finding of drug quantity" that was "used to determine the movant's statutory penalty at the time of [his] sentencing." *United States v. Jones*, 962 F.3d 1290, 1303 (11th Cir. 2020). Here, the district court correctly concluded that it "lack[ed] the authority to reduce [Robinson's] sentence" because his "sentence would have necessarily remained the same had the Fair Sentencing Act been in effect[.]" *Id.*

Although I recognize that some of our recent cases arguably suggest a district court may revisit and revise the drug quantity for purposes of determining the statutory minimum, *see, e.g.*, *United States v. Birdine*, 962 F.3d 1032, 1033–34 (8th

Cir. 2020),[3] this in my view goes beyond the authority Congress gave through the First Step Act. As the Fifth Circuit explained, "Congress did not intend that [] changes [other than those changes made by § 2 and § 3 of the Fair Sentencing Act] were to be made as if they too were in effect at the time of the offense." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). Because the First Step Act retroactively applies only certain provisions of the Fair Sentencing Act, I believe a district court's authority in § 404(b) proceedings should be "limited to those changes 'expressly permitted' . . . [under] the First Step Act[.]" *United States v. Chambers*, 956 F.3d 667, 676 (4th Cir. 2020) (Rushing, J., dissenting) (quoting 18 U.S.C. § 3582(c)(1)(B)).

True, the First Step Act "applies to offenses, not conduct," at least when we are talking about a defendant's *eligibility* for relief. *McDonald*, 944 F.3d at 772. But that does not mean Congress intended to permit a district court to ignore all the defendant-specific facts on which the original sentencing court relied. Instead, a district court should "plac[e] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 418. When those limited alterations cannot affect a defendant's sentence (such as when the sentence is mandatory), a district court has no authority to grant relief under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(B) (a

---

[3]Of these cases, *Birdine* seems to come the closest to taking this position. As the court explains, the panel in *Birdine* faced similar circumstances and remanded a case where the district court believed the defendant was not eligible for relief based on the drug quantity found during the original sentencing. 962 F.3d at 1033–34. *Birdine*, however, is distinguishable. The difference here is that the district court concluded Robinson *was eligible* for full consideration of his motion for a reduction under the First Step Act and then decided its discretion was limited by the drug quantity found by the sentencing court. I do not interpret *Birdine* as forbidding such a conclusion. To the extent it does, I believe it was wrongly decided.

-10-

sentencing court may only modify a "term of imprisonment to the extent . . . expressly permitted by statute").

For the reasons stated above, I respectfully dissent.

_____