# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1323
_____

United States of America

*Plaintiff - Appellee*

v.

Robbie Dean Fetters, also known as Robert Dean Fetters

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: November 21, 2025
Filed: January 5, 2026
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Robbie Dean Fetters appeals the district court's[1] denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

In 2011, a jury convicted Fetters of being a felon in possession of a firearm, using or carrying a firearm in furtherance of a drug crime, conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(c)(1)(A) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846. The district court[2] varied downward, sentencing him to 320 months in prison and five years of supervised release.

In 2020, the district court denied Fetters' motion for compassionate release because he did not establish that the 18 U.S.C. § 3553(a) factors warranted it.

In 2024, Fetters again moved for a compassionate release. He emphasized his medical conditions—cirrhosis, esophageal varices, thrombocytopenia, diabetes, his feeding tube with accompanying infections and stomach acid leakage, inadequate nutrition that caused abrupt weight loss, a paralyzed tongue, chronic diarrhea, high cholesterol, high blood pressure, hypertension, hepatitis-C, and Vitamin D deficiency. He is in the Bureau of Prisons' "chronic care clinic," classified as a Level Three inmate, between good-health (One) and most-serious-medical-needs (Four). The district court denied the motion.

This court reviews the denial of compassionate release for abuse of discretion. *United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020); *see* **18 U.S.C. § 3582(c)(1)(A)** ("the court . . . *may* reduce the term of imprisonment") (emphasis added). "A district court abuses its discretion when it makes an error of law or a clearly erroneous assessment of the evidence." *United States v. Robinson*, 9 F.4th 954, 956 (8th Cir. 2021).

---

[2] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, now retired.

The general rule against modifying an imposed term of imprisonment is "subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). By the First Step Act of 2018, prisoners may seek a reduction in sentencing after exhausting administrative remedies within the BOP. *See* **18 U.S.C. § 3582(c)(1)(A)**; *Loggins*, 966 F.3d at 892. The defendant must establish three conditions: "(1) 'extraordinary and compelling reasons' justify the reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors under § 3553(a) support relief." *United States v. Johnson*, 2025 WL 1949738, at *1 (8th Cir. July 16, 2025). *See also United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating defendant "bears the burden to establish that compassionate release is warranted"). Having a "terminal illness" is an "extraordinary and compelling reason." **U.S.S.G. § 1B1.13(b)(1)(A).**

## I.

Fetters argues the district court erred in using the BOP definition of "terminal illness," instead of the sentencing guideline's definition. *See* **BOP Program Statement 5050.50** (2019) (defining "terminal, incurable disease" as having a life expectancy of 18 months or less); **U.S.S.G. § 1B1.13(b)(1)(A)** (defining "terminal illness" as a "serious and advanced illness with an end-of-life trajectory," but noting that it does not require a "specific prognosis of life expectancy").

The Sentencing Commission may promulgate general policy statements about sentencing modifications under 18 U.S.C. § 3582(c). *See* **28 U.S.C. § 994(a)(2)(C).** While this court has not decided the validity and applicability of the 2023 amendment expanding U.S.S.G. § 1B1.13, it is proper for a district court to "deny defendant's requested relief anyway" when "the factors from 18 U.S.C. § 3553(a) [do] not warrant any reduced sentence." *United States v. Williams*, 2025 WL 1672255, at *1 (8th Cir. June 13, 2025) (unpublished). *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (affirming a denial of compassionate release even if the unamended guideline were not applicable because the § 3553(a) factors did

-3-

not favor it); ***United States v. Vega-Figueroa***, 139 F.4th 77, 80 (1st Cir. 2025) (finding the amended guideline binding but concluding no abuse of discretion because defendant was still a danger to the community under § 3553(a) factors).

This court need not determine whether the amended guideline is applicable, because the district court did not ignore it. It found Fetters was not "per se ineligible even though his life expectancy exceeds eighteen months." The court thus recognized that a "specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." **U.S.S.G. § 1B1.13(b)(1)(A)**; *see* ***United States v. Marcussen***, 15 F.4th 855, 859 (8th Cir. 2021) ("the district court properly looked to [the unamended guideline] as relevant but not binding in determining that [defendant's] health conditions . . . were not 'extraordinary and compelling reasons' warranting a reduction"); ***Loggins***, 966 F.3d at 892 (finding district court's consideration of factors outside the unamended guideline's enumeration proper). The district court had broad discretion under either the BOP or guideline's definition of "terminal illness." *See* ***Rodd***, 966 F.3d at 747 (affirming because "[t]he district court knew its discretion" rather than focusing on "whether the district court erred in adhering to the [unamended guidelines]"). *See also* ***Concepcion v. United States***, 597 U.S. 481, 501 (2022) (district court not "required to articulate anything more than a brief statement of reasons").

It went on to properly exercise its discretion in concluding that Fetters's medical conditions fell short of the extraordinary and compelling requirement. The district court acknowledged that "Fetters unquestionably has serious medical needs" that "have worsened in recent years," discussing in detail his medical conditions and treatments. *See* ***United States v. Vangh***, 990 F.3d 1138, 1141 (8th Cir. 2021) (affirming because "the district court discussed [defendant's] reasons in great detail, including each of his medical conditions and the treatments he was receiving for them"); ***Loggins***, 966 F.3d at 892 (affirming a denial of compassionate release because the court considered the defendant's circumstances before finding them insufficient). But it found his conditions "are not as serious as he claims, nor are they so serious that the BOP cannot adequately provide care." *See* ***Marcussen***, 15

F.4th at 858 ("Section 3582(c)(1)(A) requires a judicial determination of 'extraordinary and compelling reasons' based on an inmate's unique circumstances."); **Concepcion**, 597 U.S. at 501 (holding a district court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation").

## II.

Fetters believes the district court abused its discretion in determining that the § 3553(a) factors did not support compassionate release. This court reviews a district court's weighing of the § 3553(a) factors for an abuse of discretion. *See* **Rodd**, 966 F.3d at 747. "A sentencing court abuses its discretion under § 3553(a) if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." **United States v. Kowal**, 527 F.3d 741, 749 (8th Cir. 2008) (internal quotation marks omitted).

Compassionate release can be denied after balancing the § 3553(a) factors because it is "discretionary, not mandatory." **United States v. Chambliss**, 948 F.3d 691, 693 (5th Cir. 2020); *see* **Marcussen**, 15 F.4th at 857 (affirming denial of compassionate release even when the district court found extraordinary and compelling reasons because "multiple § 3553(a) aggravating factors strongly weigh[ed] against release"). District courts do not have to make specific findings or "mechanically recite the sentencing factors listed in 18 U.S.C. § 3553(a)." **Rodd**, 966 F.3d at 748. If the defendant advances "mitigating factors," it is presumed the district court considered them, which is all that is required to satisfy this court. *Id.*

Here, the district court found (citations omitted):

> To the extent the Court is obligated to consider the § 3553(a) factors, they reinforce the conclusion that a sentencing reduction is not

appropriate. Fetters committed numerous violent and non-violent felony offenses in the years after he was shot in 2001, including convictions for: assault causing injury to peace officers (2002); carrying weapons and third-degree theft (2002); third-degree arson (2005); assault (2005); carrying concealed weapons (2005); assault (2005); carrying weapons and going armed with a knife blade (2006); first-degree theft (2006); and assault (2008). These offenses involved, among other things, Fetters punching a police officer twice in the head and spitting in the officer's face, lighting a victims clothes on fire and threatening to set fire to a vehicle, striking his brother in the head with a baseball bat, running from the police, and hitting a victim with a stick and his fist and throwing a brick at the victim. Clearly Fetters is capable of endangering the community despite his medical issues. Indeed, he has also been disciplined twice for assault while serving his federal sentence, once in 2012 and again in 2017.

The instant offense conduct reinforces why Fetters received such a long sentence. . . . When this offense conduct is combined with his criminal history, Fetters deserves—and continues to deserve—a lengthy sentence, notwithstanding his medical issues. Accordingly, the Court cannot conclude that his 320-month long sentence is excessive.

The district court properly conducted the required "individualized inquiry." *Cf. Sims*, 87 F.4th at 919 (remanding because nothing indicated the district court considered defendant's proffered reasoning or that it reviewed the defendant's medical records). Because the district court thoroughly considered the § 3553(a) factors, it did not abuse its discretion in finding they "reinforce the conclusion that a sentencing reduction is not appropriate." *See Rodd*, 966 F.3d at 748.

* * * * * * * *

The judgment is affirmed.

_____