# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1627
_____

United States of America,

*Plaintiff - Appellee,*

v.

Antonio M. Taylor,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 14, 2022
Filed: March 18, 2022
[Published]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Antonio Taylor appeals an order of the district court[1] denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). We conclude that the court did not err in concluding that Taylor failed to present "extraordinary and compelling reasons" for a reduction. We therefore affirm the order.

In 2014, a jury convicted Antonio Taylor of nine offenses. Three convictions were for possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). For those three violations, the law required consecutive terms of imprisonment of five years, twenty-five years, and twenty-five years, respectively. The district court sentenced Taylor to a total term of sixty years' imprisonment.

In 2020, Taylor moved for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). This statute permits a district court to reduce a prisoner's sentence if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). This form of relief is sometimes described as "compassionate release."

As an "extraordinary and compelling reason" for reduction, Taylor cited a provision of the First Step Act of 2018 that repealed the mandatory consecutive sentences for multiple convictions under § 924(c). *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22 (2018). Although Congress did not make the change in law retroactive, Taylor argued that if he had been sentenced under current law, his

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

mandatory minimum sentence would have been significantly shorter. Taylor also relied on what he described as "significant" rehabilitative efforts, and argued that his rehabilitation should be considered in conjunction with the change in sentencing law.

The district court denied Taylor's motion. The court concluded that a non-retroactive change in law could not constitute an extraordinary and compelling reason for a reduction in sentence. The court reasoned that compassionate release under § 3582(c) was "not an appropriate vehicle to circumvent Congress's decisions about the retroactivity of amendments to sentencing statutes." The court also concluded that Taylor's proffered rehabilitation was not by itself an extraordinary and compelling reason. *See* 28 U.S.C. § 994(t).

On appeal, Taylor argues that the district court erred by deciding that the non-retroactive change to sentencing provisions under § 924(c), together with his rehabilitation, could not constitute an extraordinary and compelling reason for a sentence reduction. This court recently held, however, "that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Taylor's appeal is foreclosed by *Crandall*, and the district court did not err in denying his motion for reduction in sentence.

The order of the district court is affirmed.

KELLY, Circuit Judge, concurring.

After this case was briefed and argued, the court issued its decision in Crandall. Had this case been decided first, I would have voted to reverse and remand. In my view, sentence disparities such as those created by amendments to § 924(c) are properly considered as part of an individualized assessment of whether extraordinary

and compelling reasons for a sentence reduction exist under the First Step Act. <u>See, e.g.</u>, <u>United States v. McCoy</u>, 981 F.3d 271, 285-88 (4th Cir. 2020) (holding that "district courts permissibly treat[] as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act," where such "judgments [are] the product of individualized assessments of each defendant's sentence"); <u>United States v. Maumau</u>, 993 F.3d 821, 837 (10th Cir. 2021) (affirming district court finding of extraordinary and compelling reasons for a sentence reduction "based on its individualized review of all the circumstances," including "the incredible length of [the defendant's] stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that [the defendant], if sentenced today, would not be subject to such a long term of imprisonment." (cleaned up) (quotations omitted)).

Because <u>Crandall</u> has squarely resolved the question presented by Taylor on appeal, I concur. <u>See</u> <u>Mader v. United States</u>, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quoting <u>Owsley v. Luebbers</u>, 281 F.3d 687, 690 (8th Cir. 2002))).

_____