# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3213

_____

United States of America

*Plaintiff - Appellee*

v.

Tyler Joseph Berglund

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: December 13, 2022
Filed: February 14, 2023
[Unpublished]

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Tyler Berglund appeals the district court's[1] denial of his motion for a sentence reduction. We affirm.

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

Berglund pleaded guilty to two counts of possessing a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Section 924(c)'s "stacking provision" means that a second § 924(c) conviction carries a 25-year mandatory minimum sentence. In 2006, when Berglund was sentenced, we applied the stacking provision even if the first and second § 924(c) convictions were in the same case. The First Step Act changed this in 2018, imposing the stacking provision only if the first § 924(c) conviction was in a separate case. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5192. The change was not retroactive, so it did not apply to Berglund.

Berglund moved to reduce his sentence, arguing that even though the § 924(c) change was not retroactive, it qualified as an "extraordinary and compelling reason[]" for a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A)(i). The district court disagreed. It noted the circuit split on the issue and held that a non-retroactive change made by the First Step Act is not an extraordinary and compelling reason.[2] We review *de novo*. United States v. Rodd, 966 F.3d 740, 746 (8th Cir. 2020).

Berglund's appeal was stayed pending United States v. Crandall, 25 F.4th 582 (8th Cir. 2022). There, we considered the same question and held "that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of extraordinary and compelling reasons for a reduction in sentence under § 3582(c)(1)(A)." Id. at 586 (citation omitted); see also United States v. Taylor, 28 F.4th 929, 930 (8th Cir. 2022). Because Crandall controls, the judgment of the district court is affirmed.

_____

---

[2]The court also held that Berglund's release would be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors. See id. § 3582(c)(1)(A)(i) (allowing a district court to reduce a prisoner's sentence if, after considering the § 3553(a) factors, "it finds that [] extraordinary and compelling reasons warrant such a reduction"). Because Crandall is dispositive, see discussion infra, we do not need to address whether the district court abused its discretion.