# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2507
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Nels Marcussen

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: June 18, 2021
Filed: October 7, 2021
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 2014, Andrew Nels Marcussen pleaded guilty to possession with intent to distribute methamphetamine by a drug felon in violation of 21 U.S.C. § 841(a)(1). His advisory guidelines sentencing range as a career offender was 188 to 235 months' imprisonment. Varying downward, the district court sentenced Marcussen to 144 months. Marcussen did not appeal or file a motion for 28 U.S.C. § 2255 post-conviction relief. He is currently scheduled for release on August 10, 2024.

In April 2020, while an inmate at Elkton FCI, Marcussen filed a *pro se* motion for compassionate release under the First Step Act of 2018, arguing his underlying health conditions are "extraordinary and compelling reasons warrant[ing] such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), because they put him at an increased risk of injury from COVID-19. After Marcussen exhausted his Bureau of Prison ("BOP") administrative remedies, the district court appointed the Federal Public Defender's Office (as it had requested) and directed that Office to file a supplemental motion for compassionate release. Attached to the Supplemental Motion was a report from a University of Iowa Hospitals and Clinics physician stating that Marcussen's medical conditions place him at greater risk of contracting and suffering more severe complications from COVID-19.

The district court[1] denied Marcussen's motion in a six-page Order. United States v. Marcussen, No. 14-CR-2037-LRR (N.D. Iowa July 15, 2020). The court first stated that BOP medical records show that Marcussen "suffers from chronic obstructive pulmonary disease ('COPD'), hypertension, hyperlipidemia, prediabetes, benign prostatic hypertrophy, gastro-esophageal reflux disease, seborrheic dermatitis and obesity." The court also acknowledged the physician's opinion "that individuals suffering from COPD 'are at increased risk of serous illness, including death, from COVID-19'" and that "hypertension and obesity are also 'risk factors for COVID-19 complications including death.'" However, the court concluded, Marcussen's underlying medical conditions, in combination with the COVID-19 pandemic, are not "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i):

> According to Defendant's most recent BOP medical records, Defendant's COPD and hypertension are well controlled, as he is receiving and taking all of his prescription medications. . . . Based on the foregoing, Defendant has failed to demonstrate that his conditions

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

are not well-controlled or that he is unable to care for himself in the prison environment. While COPD is undoubtably a serious condition in relation to the coronavirus and Elkton FCI has had a significant number of coronavirus cases, the court, nevertheless, determines that, based on the well-controlled nature of Defendant's COPD and hypertension, Defendant's medical conditions do not constitute extraordinary or compelling reasons that warrant a sentence reduction.

The court further concluded that even if Marcussen had met his burden to show extraordinary and compelling reasons, compassionate release was still unwarranted, as multiple § 3553(a) aggravating factors "strongly weigh against release." "Defendant is a career offender" with a "serious criminal history" that "demonstrat[es] a lack of respect for the law." "[A] reduction of sentence would not result in a sentence constituting a just punishment in light of the seriousness of Defendant's crime, would not be in the interest of deterrence and would not be in the interest of the public, as Defendant poses a risk to recidivate and is a danger to the community." We review the district court's decision to deny a sentence reduction authorized by the First Step Act for abuse of discretion. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

Marcussen seeks a reduction in sentence authorized by § 3582(c)(1)(A)(i), which provides:

> (c) **Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>     (1) in any case --
>     (A) the court, upon motion of the Director of the Bureau of Prisons, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --*

*(i) extraordinary and compelling reasons warrant such a reduction . . .*
*and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .*

(Emphasis added). The First Step Act modified § 3582(c)(1)(A) to allow a federal inmate to directly file for compassionate release after exhausting his BOP remedies. Pub. L. No. 115-391, § 603(b)(1); see 21 U.S.C. § 841, Stat. Notes. On appeal, Marcussen argues the district court erred (i) in finding his health conditions are not "extraordinary and compelling reasons" warranting reduction, and (ii) in applying the §3553(a) sentencing factors.

**(i)** We agree with the district court "that the COVID-19 pandemic is not an extraordinary and compelling circumstance to warrant a sentence reduction in [this] case." United States v. Gater, No. 20-2158, 2021 WL 2069968 at *2 (8th Cir. May 24, 2021); see United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Section 3582(c)(1)(A) authorizes the release of an inmate if he has "extraordinary and compelling reasons" warranting a reduction. This requires an individualized inquiry, not a widespread release of inmates based on the existence of a persistent worldwide pandemic. Though certainly relevant, the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence.

Marcussen argues the district court erred in concluding that his COPD and obesity, supported by a physician's opinion that these conditions put him "at increased risk of acquiring COVID-19 and having more serious illness if he has COVID-19," are not extraordinary and compelling reasons warranting a sentence reduction. On appeal, abandoning its position in the district court, the government

"concedes," based on "Centers for Disease Control (CDC) guidance,"[2] that Marcussen's "COPD and obesity with a BMI greater than 30 qualify as extraordinary and compelling reasons." Section 3582(c)(1)(A)(i) requires a judicial determination of "extraordinary and compelling reasons" based on an inmate's unique circumstances. That determination is not governed by the Executive Branch, either the CDC's general pronouncements relating to COVID-19 risks, or a United States Attorney's "concession." Those are of course relevant opinions, but they do not control the district court's exercise of discretion.

Marcussen criticizes the district court for basing its decision on the fact that his serious heath conditions are well-controlled and he is able to care for himself in the prison environment, a factor specifically recognized in Application Note 1(A)(ii) to USSG § 1B1.13. Marcussen argues this commentary should not be a limiting factor because it has not been revised since the First Step Act authorized inmates to seek reductions directly. This assertion has found favor with some courts. See, e.g., United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). We did not take a position on the debate in United States v. Rodd, 966 F.3d 740, 747 (8th Cir. 2020), because "[t]he district court knew its discretion," nor in Gater, 2021 WL 2069968, at *2, because "the First Step Act in 2018 did not change the discretion afforded the district court."

So long as a district court does not explicitly limit its discretion to the factors identified in USSG § 1B1.13 and its commentary, it is appropriate for this court to ignore what is, in substance, no more than an academic debate. First, § 3582(c)(1)(A)(i) specifically requires a court in exercising its discretion to determine that a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Therefore, § 1B1.13 and its commentary may not be ignored. Second, the Commission has explicitly labeled § 1B1.13 a Policy Statement.

---

[2]See Centers for Disease Control, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Aug. 20, 2021).

A guidelines policy statement is important advisory guidance, but it is binding only if it "prohibits a district court from taking a specified action." Williams v. United States, 503 U.S. 193, 201 (1992); see United States v. Smith, 282 F.3d 1045, 1047 (8th Cir. 2002). The commentary relevant to determining whether Marcussen's medical conditions are extraordinary and compelling reasons for a sentence reduction, USSG § 1B1.13, comment. (n.1(A)(ii)), is advisory not prohibitive. Thus, the district court properly looked to this commentary as relevant but not binding in determining that Marcussen's health conditions at the time he requested a § 3582(c)(1)(A)(i) sentence reduction were not "extraordinary and compelling reasons" warranting a reduction. The First Step Act required no more. See Rodd, 966 F.3d at 747.

**(ii)** Marcussen further argues the district court erred in applying the §3553(a) sentencing factors in deciding not to grant a compassionate release reduction. We afford district courts "broad discretion" in weighing the § 3553(a) factors. United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020), cert. denied, No. 20-7937, 2021 WL 2302074 (U.S. June 7, 2021). Marcussen contends the court abused its discretion in emphasizing his lengthy criminal history and failing to focus on mitigating factors -- his completion of a BOP treatment program, his work with UNICOR, and his release plan. The court acknowledged these factors but found they did not justify Marcussen's release. There was no abuse of discretion. That other district courts may have granted compassionate release for defendants with similar backgrounds does not demonstrate an abuse of discretion. See, e.g., United States v. Wilcox, 666 F.3d 1154, 1157-58 (8th Cir. 2012).

The Order of the district court dated July 15, 2020 is affirmed.

_____