# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3611
_____

United States of America,

*Plaintiff - Appellee,*

v.

Barton Ray Crandall,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: November 15, 2021
Filed: February 9, 2022
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Barton Crandall, a federal prisoner, appeals a decision of the district court[1] denying his motion for a reduction of sentence based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A). The district court ruled that

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

a non-retroactive change in the law under which Crandall was sentenced cannot constitute an extraordinary and compelling reason for reducing a sentence. We agree, and affirm the order denying the motion.

Crandall was convicted in 1989 of several offenses arising from two bank robberies: two counts of bank robbery, one count of conspiracy to commit armed bank robbery, two counts of using and carrying a firearm during and in relation to a bank robbery, one count of unlawful possession of a firearm as a convicted felon, and one count of unlawful possession of an unregistered firearm. His criminal history included two burglary convictions and a theft conviction. The district court determined that Crandall was a career offender under the sentencing guidelines, and sentenced him to a total term of 562 months' imprisonment—262 months for the bank robbery and gun possession charges, and mandatory consecutive terms of 60 months and 240 months, respectively, for the two offenses of using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c). In 2005, the court reduced the sentence to 526 months for reasons unrelated to the motion at issue here.

The present appeal concerns Crandall's motion for reduction in sentence filed in 2020 under 18 U.S.C. § 3582(c)(1)(A). The relief available under this statute is sometimes described informally as "compassionate release." The governing statute allows a district court to reduce a sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

One of the Commission's policy statements, USSG § 1B1.13, enumerates a finite set of circumstances that qualify as "extraordinary and compelling" for purposes of § 3582(c)(1)(A). USSG § 1B1.13, comment. (n.1). The policy statement, however, pre-dated the First Step Act of 2018 and contemplates that all motions for reduction of sentence must be filed by the Director of the Bureau of Prisons. Because

the First Step Act amended § 3582(c) and allows a court to consider a motion filed by a defendant, the district court concluded that § 1B1.13 does not restrain the court's assessment of whether extraordinary and compelling reasons exist.

The district court then considered whether Crandall had presented extraordinary and compelling reasons for a reduction of sentence. Crandall argued that the prison sentence for his offenses of conviction would be significantly shorter if he were sentenced today under current law. He cited a provision of the First Step Act that eliminated the mandatory consecutive sentences for multiple firearms convictions under 18 U.S.C. § 924(c). He also relied on the reasoning of an intervening decision in *Mathis v. United States*, 579 U.S. 500 (2016), under which Crandall would not have been sentenced as a career offender under the sentencing guidelines. Although Congress did not make the change in § 924(c) retroactive, and the decision in *Mathis* does not apply retroactively, Crandall argued that these developments made him eligible for a reduction in sentence under § 3582(c)(1)(A).

The district court ruled that non-retroactive changes in law cannot constitute an extraordinary and compelling reason for reducing a sentence. Although the district court deemed USSG § 1B1.13 non-binding, the court was also "highly skeptical of expanding the compassionate release system into, essentially, a discretionary parole system." Accordingly, the court believed that "extraordinary and compelling reasons" should be limited to health, age, family, or "other circumstances which are similarly personal and individualized."

Addressing the change in sentencing law under § 924(c), the court thought it "improper to effectively make non-retroactive changes in the law retroactive by deeming them to be extraordinary and compelling circumstances." The court believed it would be "paradoxical," and contrary to the intent of Congress, to find extraordinary and compelling reasons based on a change in law that Congress intentionally made inapplicable to the defendant. The court also found that

Crandall's age and health conditions did not present an extraordinary and compelling reason for a reduction, and that his proffered rehabilitation was insufficient by itself to meet the standard. *See* 28 U.S.C. § 994(t). For these reasons, the court denied Crandall's motion.

On appeal, Crandall challenges the district court's conclusion that non-retroactive changes in law cannot be extraordinary and compelling reasons for a reduction in sentence. He contends that the district court may ignore as inapplicable the policy statement in USSG § 1B1.13, and may treat a non-retroactive change in law as an extraordinary and compelling reason for reducing a sentence. He maintains that his total sentencing guideline range, if calculated today, would be only 220 to 245 months' imprisonment, because he would not qualify as a career offender under the guidelines, and current law does not impose mandatory consecutive sentences for his two firearms convictions under 18 U.S.C. § 924(c).

As a threshold matter, it is unnecessary in this case to address whether a district court is constrained by the policy statement at USSG § 1B1.13 in determining what circumstances are "extraordinary and compelling." The governing statute requires that any reduction must be consistent with "applicable policy statements." Although a policy statement standing alone may be merely "advisory," *see United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021), the statute in this case makes consistency with an applicable policy statement a *mandatory* condition for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). After the First Step Act, however, there is a question whether § 1B1.13 is an "applicable" policy statement for purposes of § 3582(c)(1)(A). The policy statement addresses motions filed by the Director of the Bureau of Prisons under § 3582(c)(1)(A), but the statute as amended allows for motions by a defendant. This procedural change has led several courts to conclude that § 1B1.13 is not "applicable" to motions filed by a defendant under § 3582(c)(1)(A). *E.g.*, *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). One circuit has disagreed

-4-

and concluded that § 1B1.13 remains applicable because a court can still apply the substantive standards in the policy statement to a motion filed by a defendant. *United States v. Bryant*, 996 F.3d 1243, 1251-62 (11th Cir. 2021). The issue is "academic" in this case if the district court correctly denied relief on other grounds, *see Marcussen*, 15 F.4th at 859, so we need not address whether § 1B1.13 remains applicable. *See United States v. Loggins*, 966 F.3d 891, 892-93 (8th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020).

On the question whether the non-retroactive change in law regarding sentencing under § 924(c) can be extraordinary and compelling, there are conflicting decisions in the circuits. Crandall relies on *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), which concluded that "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." *Id*. at 285. Although Congress declined to make the change in law retroactive, the Fourth Circuit concluded that district courts may nonetheless consider the legislative change in conducting "individualized reviews" of motions for reduction of sentence. *Id*. at 286. The Tenth Circuit reached a similar conclusion in *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021), which affirmed a finding of "extraordinary and compelling reasons" based on a defendant's youth at the time of sentencing, the length of his "stacked" mandatory sentences under § 924(c), the later non-retroactive change in the law under § 924(c), and the fact that the defendant would not have received such a long term of imprisonment if sentenced at the time of the motion. *Id*. at 837. Two panel decisions from the Sixth Circuit agree with the rationale of *McCoy* and *Maumau*. *United States v. McCall*, 20 F.4th 1108, 1112-16 (6th Cir. 2021); *United States v. Owens*, 996 F.3d 755, 761-63 (6th Cir. 2021).

Other decisions in three circuits, however, have ruled that a non-retroactive change in law cannot be an extraordinary and compelling circumstance that justifies

compassionate release.  Competing panel decisions in the Sixth Circuit hold that reducing a sentence based on a non-retroactive change in law would amount to an impermissible "end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms."  *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021); *see United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021).  The Seventh Circuit agreed, and expressed a broader concern that granting relief based on a prospective change in law has no sound limiting principle:  the next defendant could obtain a reduction "on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like."  *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).  The Third Circuit similarly concluded that it would "sow conflict within the statute" if the court concluded that Congress created an extraordinary and compelling reason for early release when it simultaneously declined to make a change in sentencing law retroactive.  *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021).

We find ourselves in agreement with the latter set of decisions. Congress opted in 2018 to assign a new, less substantial, mandatory punishment for multiple violations of § 924(c) going forward, but it did not declare that the previous Congress—decades earlier—prescribed an inappropriate punishment under the circumstances that confronted that legislative body.  To the contrary, the more recent Congress declined to change the law retroactively and left existing sentences in place.

Congress from time to time prospectively increases or decreases existing criminal penalties, so that circumstance may not be "extraordinary" as an empirical matter.  Even if it were, the circumstance here would not be a "compelling" reason to reduce a sentence.  The new Congress did not disapprove of the penalties established by the prior Congress for a different era.  The legislative action in 2018 is comparable to the decision of a sentencing judge in 2018 to impose a lesser sentence than a predecessor imposed in 1990 for the same offense.  Neither

circumstance is a sufficient ground to support a reduction of a previously imposed sentence under § 3582(c)(1)(A). The views of a present-day Congress, like those of a present-day sentencing judge, about the appropriate punishment for a present-day offense do not establish an "extraordinary and compelling reason" for reducing a sentence imposed years ago. The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy.

There is another difficulty with Crandall's contention that *Mathis v. United States* undermined the original sentencing judge's determination to classify Crandall as a career offender under the sentencing guidelines. *Mathis* did not change the law; it was an interpretation of existing law. *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018). If the sentencing court mistakenly classified Crandall as a career offender, then Crandall's recourse was to pursue a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255. As of 2020, however, he could not proceed under § 2255, because a motion would have been untimely: *Mathis* did not create a "new rule" of constitutional law made retroactive to cases on collateral review that would have extended the normal one-year time limit of § 2255(f)(1). *See* 28 U.S.C. § 2255(f)(3); *Martin*, 904 F.3d at 597; *Russo v. United States*, 902 F.3d 880, 882-83 (8th Cir. 2018). And even a timely motion would have confronted this court's holding that a challenge to application of the sentencing guidelines is not cognizable under § 2255. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). Crandall cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead. *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021).

That Crandall combined his reliance on a non-retroactive change in law with assertions about age, health, and rehabilitation does not help his case for compassionate release. Adding a legally impermissible ground to other insufficient factual considerations cannot justify a sentence reduction. *See Jarvis*, 999 F.3d at

444. Accordingly, we conclude that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of "extraordinary and compelling reasons" for a reduction in sentence under § 3582(c)(1)(A). *See Hunter*, 12 F.4th at 568.

For these reasons, the order of the district court is affirmed.

_____