DLD-053                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2319
_____

UNITED STATES OF AMERICA

v.

JULIO AVILES, SR.,
                                             Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:15-cr-00181-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: December 22, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Julio Aviles, Sr., appeals from the District Court's order denying his motion for

compassionate release from federal custody filed pursuant to 18 U.S.C. § 3582. The

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.[1]

Aviles was the leader of a large drug ring in Lebanon County, Pennsylvania. In 2017, a jury in the Middle District of Pennsylvania found Aviles guilty of twelve counts of drug trafficking and firearms offenses, and the District Court sentenced him to a mandatory term of life imprisonment as a career offender. On appeal, we vacated the sentencing order because two of Aviles's prior convictions did not qualify as "felony drug offenses." United States v. Aviles, 938 F.3d 503, 505 (3d Cir. 2019). Following remand, the District Court resentenced him to thirty-five years in prison; we affirmed. United States v. Aviles, 854 F. App'x 445, 446 (3d Cir. 2021) (not precedential). Aviles also challenged his conviction and sentence under 28 U.S.C. § 2255, but the District Court denied his motion and we declined to issue a certificate of appealability. See United States v. Aviles, C.A. No. 22-1851. Aviles is currently scheduled for release in December 2040.

In March 2022, Aviles filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c), arguing that his preexisting medical conditions increased the risk posed to him by COVID-19. The District Court denied relief, explaining that Aviles had not presented extraordinary and compelling reasons justifying release, because he received

---

[1] Although we have entertained the motion, we remind the Government that such a motion should be filed before the appellant's opening brief is due; changes to the appellee's deadline for responsive briefing are immaterial. See 3d Cir. L.A.R. 27.4(b).

vaccinations against COVID-19, including a recent booster shot, and his medical records indicated that his other conditions were being thoroughly managed. Moreover, the District Court concluded that even if Aviles had made that showing, the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed heavily against release. Aviles appeals and has filed an opening brief. The Government has moved for summary affirmance of the District Court's order.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion under § 3582 for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the sentencing factors in § 3553(a). See § 3582(c)(1)(A); see also Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release"). Those factors include, among other things, "the nature

3

and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Here, Aviles's arguments on appeal are meritless. While he asserts that he presented extraordinary and compelling reasons justifying release based on his medical conditions, this argument ignores that the District Court rested the denial of his motion on the independently dispositive question of the sentencing factors. To the extent that Aviles disagrees with the District Court's weighing of the § 3553(a) factors, he has not presented any argument to prompt "a definite and firm conviction" that the District Court clearly erred. Pawlowski, 967 F.3d at 330. The order denying his motion quoted our summary: "Julio Aviles oversaw an enormous drug ring. He not only distributed half a million-plus doses of heroin, but also dealt meth, crack, and powder cocaine. And to protect his stash, he amassed a nineteen-gun arsenal." Order 6, ECF No. 1009 (quoting Aviles, 854 F. App'x at 445). The District Court's reliance on these facts was proper. [2]

---

[2] To the extent Aviles raises an argument that the U.S. Sentencing Commission's policy statement regarding compassionate-release motions initiated by the Bureau of Prisons, see U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018), is not binding under § 3582 for the purposes of prisoner-initiated motions, see CA3 ECF No. 19 at 6–7, we have previously explained that even if not binding, the policy statement remains a useful and acceptable guide to district courts, see United States v. Andrews, 12 F.4th 255, 259–61 (3d Cir. 2021).

Finally, to the extent Aviles argues that there were errors in his resentencing, see, e.g., Appellant's Br. 4, CA3 ECF No. 14, a motion under § 3582 is an improper vehicle to raise such a challenge, which can be raised only in a § 2255 motion, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"); United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) ("[Movant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." (citing United States v. Hunter, 12 F.4th 555, 567 (6th Cir. 2021)).

Accordingly, Aviles's appeal does not present a substantial question, and we will summarily affirm the District Court's order.