# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2327

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy DeFoggi

*Defendant - Appellant*

_____

No. 22-2394

_____

United States of America

*Plaintiff - Appellant*

v.

Timothy DeFoggi

*Defendant - Appellee*

_____

Appeals from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: February 17, 2023
Filed: June 22, 2023
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

In 2015, DeFoggi was convicted of multiple child-pornography offenses related to his activities on a website called "PedoBook." On direct appeal, this court vacated one count of conviction and remanded the case. United States v. DeFoggi, 839 F.3d 701, 709-14 (8th Cir. 2016). DeFoggi was resentenced to a total of 300 months in prison on the remaining counts. United States v. DeFoggi, 878 F.3d 1102, 1106 (8th Cir. 2018) (per curiam) (affirming sentence). DeFoggi now appeals the district court's denial of his post-conviction motions. The government cross-appeals after the district court granted DeFoggi's motion under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release, reduced his prison term to a total of 144 months, and entered an amended judgment.

After careful review of DeFoggi's challenges to the district court's denial of his post-conviction motions, we affirm for the reasons stated in the district court's order. See 8th Cir. R. 47B.

As to the motion under section 3582(c)(1)(A), we note that while consideration of the 18 U.S.C. § 3553(a) factors in deciding a motion for compassionate release is a matter of broad discretion, United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021), the inquiry requires a finding that "extraordinary and compelling reasons" warrant a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A)(i) (court may modify term of imprisonment, after considering § 3553(a) factors, if it finds "extraordinary

and compelling reasons" warrant reduction and reduction is consistent with applicable policy statements by Sentencing Commission). The district court, after determining it was not constrained by U.S.S.G. § 1B1.13 and comment. (n.1) (§ 3582(c)(1)(A) policy statement; limiting "extraordinary and compelling" reasons to enumerated circumstances), concluded that DeFoggi's "considerable" efforts at post-sentencing rehabilitation, his increased risk of severe illness should he contract COVID-19, and the "grossly disproportionate and harsh sentence imposed upon DeFoggi in comparison to the other PedoBook defendants" constituted extraordinary and compelling reasons warranting relief. Assuming without deciding that the district court was not constrained by section 1B1.13 and its commentary, see Marcussen, 15 F.4th at 859 (declining to address whether § 1B1.13 commentary, which pre-dated First Step Act of 2018 (FSA), should be limiting factor in consideration of § 3582(c)(1)(A) motion), we conclude, based on the evidence presented below, the district court erred in determining that DeFoggi established extraordinary and compelling reasons, and abused its discretion in granting relief,[1] see United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021) (reviewing applicability of FSA, including whether defendant is eligible for sentence reduction (i.e., whether reasons are extraordinary and compelling) de novo; decision to grant or deny authorized reduction reviewed for abuse of discretion).

Although post-sentencing rehabilitation can be considered in combination with other factors, rehabilitation alone cannot constitute an extraordinary and compelling reason to modify a sentence. See 28 U.S.C. § 994(t) (rehabilitation alone "shall not be considered an extraordinary and compelling reason"); see also United States v. Crandall, 25 F.4th 582, 586 (8th Cir.) (factual considerations of age, health, and

---

[1]DeFoggi contends the government abandoned its right to challenge the district court's grant of compassionate release by failing to file a responsive brief to his section 3582(c)(1)(A) motion. However, neither the statutory scheme nor the local rules require a responsive brief, see 18 U.S.C. § 3582; Neb. Local Crim. R. 12.3, and the district court did not request one.

rehabilitation deemed insufficient, without more, to justify sentence reduction), cert. denied, 142 S. Ct. 2781 (2022).  Therefore, even assuming such rehabilitation was sufficiently established in this case, one or both of the remaining reasons must be extraordinary and compelling to warrant relief.

We conclude the district court's determination that DeFoggi faced an increased risk of severe illness should he contract COVID-19 was not based on the requisite "individualized inquiry," given that DeFoggi submitted only an unverified list of his underlying medical conditions, and no evidence regarding, inter alia, how or if his conditions were controlled in the prison environment, the rates of infection and death at his facility, or the relative health risks if he remained in custody and if he were released.  See Marcussen, 15 F.4th at 857-58 (§ 3582(c)(1)(A)(i) "requires an individualized inquiry, not a widespread release of inmates based on the existence of a persistent worldwide pandemic"; though relevant, threat of contracting COVID-19 in prison environment is not by itself sufficient reason to modify prison sentence; affirming conclusion that inmate's underlying medical conditions and threat of contracting COVID-19 were not extraordinary and compelling reasons because conditions were well-controlled and inmate could care for himself in prison); see also United States v. Avalos Banderas, 39 F.4th 1059, 1061-62 (8th Cir. 2022) (inmate bears burden to submit evidence, such as his health vulnerabilities, rates of infection and death at facility, and relative health risks if he remained in custody and if he were released; affirming denial of compassionate release where inmate did not show that he was particularly susceptible to contracting COVID-19 in prison or to experiencing complications, or that release was likely to reduce risk).

We further conclude that, under the circumstances in this case, the district court's reliance on sentencing disparities was misplaced.  The sentences imposed on other PedoBook defendants were presented at DeFoggi's resentencing and the potential disparity was argued at resentencing and on appeal; although a present-day court might have a different view regarding the significance of the sentencing facts

in this case, such view does not present an extraordinary and compelling reason for reducing the sentence. See United States v. Hunter, 12 F.4th 555, 569-70 (6th Cir. 2021) (reversing sentence reduction granted years later by different judge; district court cannot relabel facts that existed at sentencing, such as sentencing disparities between co-defendants, and repackage them as extraordinary and compelling; personal circumstances of defendant must have changed after sentencing in way that is extraordinary and compelling before court may reduce sentence; § 3582(c)(1)(A) is limited exception to general rule of finality, not open-ended invitation to relitigate and reweigh § 3553(a) factors based on difference of opinion regarding sentencing facts), cert. denied, 142 S. Ct. 2771 (2022); cf. Crandall, 25 F.4th at 585-86 (views of present-day judge about appropriate punishment for offense do not establish extraordinary and compelling reason for reducing sentence imposed years ago).

Accordingly, we vacate the amended judgment and remand for further consideration by the district court, including an individualized inquiry as to whether any alleged medical risk, along with any purported post-sentencing rehabilitation or other circumstances, constitute extraordinary and compelling reasons warranting a sentence reduction under section 3582(c)(1)(A). We affirm the denial of DeFoggi's other motions, and deny his pending motion to supplement the record.

_____