# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-40373

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Spencer Garod Elam,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CR-42-1

———————————————————————

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Spencer Elam appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1). The court concluded that a non-retroactive change to the applicable sentencing framework did not qualify as an "extraordinary and compelling reason" to reduce Elam's sentence. Finding no abuse of discretion, we affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40373

## I.

In 2012, a jury convicted Elam on six counts of various drug and firearm-related offenses. Two of those counts (counts 2 and 4) were for using, carrying, or possessing a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[1]

Elam's total prison sentence for all counts was 480 months. The two § 924(c) offenses accounted for 360 months—60 months on count 2 and 300 months on count 4. The lengthier count 4 sentence arose from the fact that, under the version of § 924(c) then in effect, second or subsequent convictions triggered a 300-month minimum. *See* 18 U.S.C. § 924(c)(1)(C) (2006). Moreover, another part of § 924(c) provided that the 360 months on counts 2 and 4 could not run concurrently with Elam's other sentences. *See* § 924(c)(1)(D)(ii). So, the 360 months for the two § 924(c) counts would be served consecutively to the 120 months for the other counts, yielding a total sentence of 480 months.

In 2018, the First Step Act amended the sentencing framework for persons convicted of multiple § 924(c) offenses. As amended, the minimum 300-month sentence for a second § 924(c) conviction is required only when the first § 924(c) sentence is "final" at the time of the second conviction. *See* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22; § 924(c)(1)(C) (2022). So, had Elam been sentenced under the current framework, the mandatory minimum for his second § 924(c) conviction

---

[1] In addition to counts 2 and 4, Elam's convictions were for conspiracy to possess with intent to distribute hydrocodone in violation of 21 U.S.C. §§ 846, 841(b)(1)(E) (count 1); possession with intent to distribute hydrocodone in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E)(ii) (count 3); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count 5); and use of a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b) (count 11).

would have been only 60 months. Congress, however, did not make these changes retroactive. *See* First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222 (specifying that the changes "shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*" (emphasis added)).

Nonetheless, after exhausting his administrative remedies, Elam filed a motion under 18 U.S.C. § 3582(c)(1) to reduce his prison term based on the 2018 amendment.[2] He argued that the amendment presented an "extraordinary and compelling" reason warranting a reduction. *See id.* § 3582(c)(1)(A)(i) (allowing court to reduce prison term, if, *inter alia*, "extraordinary and compelling reasons warrant such a reduction"). And pointing to his purported rehabilitation, Elam asked that his total sentence be reduced to either time served or 240 months to reflect the new 60-month mandatory minimum for successive § 924(c) offenses like his. The district court denied Elam's motion, concluding that the non-retroactive change to § 924(c)'s sentencing framework was neither "extraordinary" nor "compelling."[3]

Elam appealed. His only colorable argument is that the district court erred by concluding the non-retroactive amendment to § 924(c) did not amount to an "extraordinary and compelling reason[]" for reducing his sentence under § 3582(c)(1)(A)(i).[4] We review that decision for abuse of

---

[2] Elam had counsel in the district court but is *pro se* on appeal.

[3] The district court also found that Elam's purported rehabilitation did not affect its analysis, given the statute's express provision that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The court reasoned that "[t]wo ordinary reasons cannot combine to create an extraordinary one."

[4] Contrary to Elam's argument, the district court did not treat as binding the Sentencing Commission's policy statement on § 3582(c)(1)(A). The district court stated

discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021) (alteration in original) (quoting *Chambliss*, 948 F.3d at 693).

## II.

A prisoner moving for a sentence reduction under § 3582(c)(1)(A) must show the reduction is (1) warranted by "extraordinary and compelling reasons"; (2) consistent with the Sentencing Commission's applicable policy statements; and (3) justified under the discretionary § 3553(a) factors. *See* § 3582(c)(1)(A)(i); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Instead of defining "extraordinary and compelling reasons" for purposes of § 3582, Congress delegated to the Commission the authority to promulgate policy statements describing what those reasons might be. *Shkambi*, 993 F.3d at 391 (citing 28 U.S.C. § 994(t)). Under current law, however, the Commission's policy statements only govern motions brought by the Bureau of Prisons, not those brought by prisoners. *Id.* at 392.

As noted, the district court concluded that the non-retroactive 2018 change to § 924(c)'s sentencing regime did not count as an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). Elam argues this was an abuse of discretion. There is a circuit split on this question.[5] While our circuit

---

precisely the opposite. The policy statement merely "inform[ed] [the district court's] analysis," which is permissible. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

[5] *Compare United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc), *United States v. Jenkins*, 50 F.4th 1185, 1198–99 (D.C. Cir. 2022), *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022), *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021), *and United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021), *with United States v. Chen*, 48 F.4th 1092, 1098–99 (9th Cir. 2022), *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir.

has not authoritatively weighed in on the issue, a recent unpublished opinion concluded that such a non-retroactive change cannot warrant a reduced sentence under § 3582(c)(1)(A)(i). *See United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (holding "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling") (citing *United States v. Jenkins*, 50 F.4th 1185, 1198–1200 (D.C. Cir. 2022), and *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022) (en banc)). In light of *McMaryion*, we cannot say that the district court abused its discretion here.

We note that a forthcoming policy statement from the Sentencing Commission would apply to sentence reduction motions by *both* the Bureau of Prisons and prisoners themselves.[6] That policy statement indicates that district courts "may" consider changes in law as part of the "extraordinary and compelling" reasons analysis, but "only" after "full[y] consider[ing]" the prisoner's "individualized circumstances." *See* U.S.S.G. § 1B1.13(b)(6)(a) (2023). We express no view on whether Elam may file an additional motion based on the amended policy statement and his individualized circumstances. *See, e.g.*, *United States v. Bethea*, 54 F.4th 826, 833 n.2 (4th Cir. 2022) (noting "that § 3582(c) does not prevent prisoners from filing successive motions"). And, of course, we express no view on whether any such motion should be granted.

AFFIRMED.

---

2022), *United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021), *and United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020).

[6] *See* U.S.S.G. § 1B1.13(a) (2023) (https://perma.cc/7AXU-G63S). Barring contrary action from Congress, this amendment will go into effect on November 1, 2023. *See* 28 U.S.C. § 994(p).