# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3430

_____

United States of America

*Plaintiff - Appellee*

v.

Robin M. Sims, also known as Robine Morteses Sims, also known as Robine Mortese Sims

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 22, 2023
Filed: December 7, 2023

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.


I.


In May 2015, a jury convicted Robin M. Sims of drug trafficking and firearm offenses, and in February 2016, the district court sentenced him to a total of 360 months in prison, to be followed by 6 years of supervised release.

On August 8, 2022, Sims filed a pro se motion for compassionate release in the district court, under 18 U.S.C. § 3582(c)(1)(A)(i). In his motion, and in later supplemental filings, Sims asserted that changes to the Armed Career Criminal Act since his sentencing, as well as his medical conditions, constituted extraordinary and compelling reasons for a reduction in sentence. With his motion, Sims also provided the district court with records from the Federal Bureau of Prisons (BOP) documenting some of his medical conditions and his prescribed medications.

The government opposed Sims's motion. The government agreed that at least one of Sims's chronic medical conditions was an "extraordinary and compelling" reason under 18 U.S.C. § 3582(c)(1)(A)(i). However, it opposed early release because the 18 U.S.C. § 3553(a) factors failed to support a reduction in sentence.

The district court ruled on Sims's motion using a form order issued by the Administrative Office of the U.S. Courts. It added details in an optional section of the form where it briefly outlined the procedural posture of the case and the parties' arguments. The court described Sims's argument for release as the increased risk of contracting COVID-19 while incarcerated, given his medical history, in addition to "changes in the law [that] warrant a sentence reduction." The court summarized the government's opposition as arguing both that there were no extraordinary and compelling reasons for granting early release and that the § 3553(a) factors weighed against a reduced sentence.

The district court denied Sims's motion on the basis that his "arguments [did] not amount to an extraordinary and compelling reason warranting a sentence reduction." The court ruled that the argument concerning intervening changes in the law was neither "extraordinary and compelling" nor a proper argument raised under § 3582(c)(1)(A)(i). In addition, the court determined the sentencing factors did not weigh in favor of early release, "specifically given the nature and characteristics of the offense, [Sims]'s criminal history, and the need to protect the public." See § 3553(a).

Sims appeals the denial of his motion for compassionate release.

## II.

Section 3582, as amended by the First Step Act of 2018, provides that a district court may "reduce a sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that 'such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" United States v. Crandall, 25 F.4th 582, 583 (8th Cir.) (quoting 18 U.S.C. § 3582(c)(1)(A)), cert. denied, 142 S. Ct. 2781 (2022). We review the district court's decision to grant or deny a motion for a reduction in sentence made on this basis, also known as a motion for compassionate release, for abuse of discretion. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021) (citing United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019)).

As an initial matter, we find that the government and the district court misread Sims's pro se motion. The government summarized Sims's argument in its brief by stating, "[Sims] argues extraordinary and compelling reasons exist because the coronavirus (COVID-19) places him at risk if [he] remains in the custody of [BOP]." It then devoted a significant portion of its brief to defending the BOP's response to the pandemic. The district court then adopted that framing error in its order, by stating "[Sims] argues early termination is warranted because he is at greater risk for contracting COVID due to his medical history."

But, before the district court, Sims did not argue for compassionate release because of an increased risk of contracting COVID-19. Rather, he argued that he previously had the COVID-19 virus while in BOP custody and was experiencing ongoing medical complications as a result. He also challenged the adequacy of the medical care being provided to him by the BOP. Sims relied on these reasons, in addition to intervening changes in the law, to show extraordinary and compelling

reasons in support of a reduced sentence. While the district court found that intervening changes in the law did not amount to extraordinary and compelling reasons, it did not address Sims's argument that his medical conditions did.

The district court's order also misstated the government's position. The government conceded that Sims had established "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i). Yet, the district court mistakenly stated that the government opposed Sims's motion on the basis that he had failed to do so. This error further convinces us that remand is appropriate to give the district court the opportunity to consider the full scope of Sims's argument in support of "extraordinary and compelling" reasons. And, if after further review, the district court finds that Sims has shown reasons that are extraordinary and compelling, it should then consider "the factors set forth in 18 U.S.C. § 3553(a)" in light of the particular extraordinary and compelling reasons presented.

The government asserts that any error the district court made was harmless because the district court also found that "the § 3553(a) factors do not weigh in favor of a sentence reduction." But motions for compassionate release require an individualized inquiry. Marcussen, 15 F.4th at 858 (citing § 3582(c)(1)(A)(i)). Here, we see no indication that the district court considered Sims's argument that his health and medical care needs were "extraordinary and compelling," or that it reviewed the medical records Sims submitted in support of his motion. Cf. id. at 859 (finding no abuse of discretion where a district court recognized the unique circumstances and health conditions of a movant but concluded that even if the movant had met his burden to show extraordinary and compelling circumstances, the § 3553(a) factors weighed against early release).

## III.

We remand this matter to the district court for further proceedings consistent with this opinion.

_____

-4-