# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1657
_____

United States of America

*Plaintiff - Appellee*

v.

Lorenzo Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 18, 2025
Filed: June 13, 2025
[Unpublished]
_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Lorenzo Williams appeals after the district court[1] denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

In 2001, Williams was convicted of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, after he robbed a cab driver at knife point in Cedar Rapids, Iowa. Because he had three prior Iowa robbery convictions—also involving cab drivers and knives—the district court imposed a life sentence under 18 U.S.C. § 3559(c)(1), the mandatory minimum at the time. Williams appealed his conviction, but he was unsuccessful. See United States v. Williams, 308 F.3d 833 (8th Cir. 2002).

Over the next two decades, Williams filed a barrage of motions in several courts seeking relief from his conviction or sentence. Though brought through various procedural vehicles—such as 28 U.S.C. §§ 2255 or 2241, Federal Rule of Civil Procedure 60(b), or 18 U.S.C. § 3582—these motions were uniformly rejected.

Then, in 2024, Williams sought a reduced sentence under § 3582(c)(1)(A)(i), claiming that there were extraordinary and compelling circumstances justifying such a reduction. Williams argued that a recent amendment to the United States Sentencing Guidelines (USSG) entitled him to relief. The amendment permitted courts to consider nonretroactive changes in sentencing law as "extraordinary and compelling reasons" justifying release. To qualify, a defendant must have served at least ten years of an "unusually long sentence," there must have been a "change in law . . . [which] would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," and the district court must fully consider the particularized facts and circumstances of the defendant. USSG § 1B1.13(b)(6).

Williams claims he meets that criteria. Williams asserts that his prior Iowa robberies no longer qualify as "serious violent felonies" under 18 U.S.C. § 3559(c)(2)(F), nor his Hobbs Act conviction. He also contends that, had he been sentenced today, Williams would not be eligible for the mandatory life sentence from § 3559(c)(1). Instead, his statutory maximum sentence would be 240 months' imprisonment, while his Guidelines range would be 130 to 162 months' imprisonment. At the time he filed the motion, Williams had served 281 months in prison—almost 10 years longer than the top of his new Guidelines range and nearly

three and a half years more than the statutory maximum. Williams argued this "gross disparity" justified a reduced sentenced.

The district court rejected that argument. It held that § 1B1.13(b)(6) is inconsistent with § 1B1.13(c) and this Court's decision in United States v. Crandall, 25 F.4th 582 (8th Cir. 2022); violates the separation of powers doctrine; and is unworkably vague and unprincipled. Moreover, the district court refused to apply the amendment because of a stated policy disagreement and because Williams's purported change in status was an interpretation of existing law, not a "change in law." In any event, even assuming the amendment were valid and applicable, the district court stated it would deny Williams's requested relief anyway because the factors from 18 U.S.C. § 3553(a) did not warrant any reduced sentence given that Williams is a "violent, recidivist offender."

We resolve Williams's appeal based on this final holding alone. A district court "may reduce [a] term of imprisonment" if there are "extraordinary and compelling reasons warrant[ing] such a reduction," but the court must still consider the factors from § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion" in weighing those factors, United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021) (citation omitted), and only abuses that discretion "if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012) (citation omitted).

Williams asserts the district court placed too much weight on his criminal history and too little on his lack of disciplinary infractions during his imprisonment, his release plan, and his efforts towards rehabilitation. The district court was not required to make specific findings, however; "all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Rodd, 966 F.3d 740 (8th Cir. 2020) (citation omitted). That evidence is present here. The court considered the appropriate factors,

including Williams's repeated, violent conduct—this was Williams's sixth robbery of a cab driver, several of which involved threats to kill his victims at knifepoint. The district court's failure to discuss Williams's mitigating circumstances alongside that violent history does not change the outcome. Id. ("[T]he court noted its consideration of the § 3553(a) factors at sentencing without specifically discussing [all of] them individually." (alteration in original) (citation omitted)). Moreover, Williams's disagreement with how the court weighed those factors "is not a sufficient ground for reversal." See id. (citation omitted). So, whatever the merit of Williams's arguments challenging other aspects of the order,[2] the district court did not abuse its discretion in denying his § 3582 motion on this basis.

Accordingly, we affirm.

_____

---

[2]We express no view on those arguments or the Government's responses.