# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1458

_____

United States of America

*Plaintiff - Appellee*

v.

Marco Uribe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: April 13, 2026
Filed: June 9, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Marco Uribe appeals an order of the district court[1] denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1). We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

In 2013, Uribe pleaded guilty to kidnapping and brandishing a firearm during the commission of a crime of violence. *See* 18 U.S.C. §§ 924(c)(1)(A), 1152, 1201(a)(2), and 2. Shortly thereafter, the district court sentenced him to 215 months' imprisonment. In July 2020, Uribe moved for a sentence reduction under 18 U.S.C. § 3582(c)(1), which permits a district court, after considering the sentencing factors outlined in 18 U.S.C. § 3553(a), to reduce a defendant's term of imprisonment where "extraordinary and compelling reasons warrant such a reduction" and a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Uribe argued that a reduction was warranted because he was vulnerable to the spread of COVID-19 in his prison facility. The district court denied Uribe's motion primarily on the ground that any reduction would be inconsistent with the § 3553(a) factors. Specifically, the court noted that Uribe "is a very dangerous individual" who received a "lenient sentence" for his "involve[ment] in a kidnapping and [use of] death threats" as the "leader of a drug gang" and "would be a very serious risk to the public if he were to be released." Uribe did not appeal the district court's denial of his motion.

In April 2024, Uribe again moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). This time, he argued that a reduction was warranted, in part, because a Bureau of Prisons correctional officer had sexually abused him during his incarceration. *See* USSG § 1B1.13(b)(4)(A) (listing abuse by prison staff as an "extraordinary and compelling reason[]" for reducing an inmate's term of imprisonment). In its response, the Government agreed that Uribe had established "extraordinary and compelling reasons" for a reduction but asserted that the § 3553(a) factors "weigh[ed] against a large cut in [his] sentence."

The district court denied Uribe's motion in a written order. After characterizing the Government as opposed to his motion, the district court explained that the § 3553(a) factors did not support a reduction for the reasons outlined in its denial of Uribe's previous motion. The court also noted that a reduction would be inconsistent with the Sentencing Guidelines because Uribe "was a danger to the community and nothing filed herein suggests that [he] is no longer a danger to the

-2-

community." *See* USSG § 1B1.13(b)(a)(2) (authorizing a reduction in sentence only if the district court determines that "the defendant is not a danger to the safety of any other person or to the community").

Uribe argues on appeal that the district court abused its discretion in denying his motion. *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (reviewing denial of a sentence reduction for abuse of discretion). First, he asserts that the district court failed to conduct an "individualized inquiry" into his motion. *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023). Second, he contends the district court's analysis of the § 3553(a) factors gave outsized weight to the nature and circumstances of his criminal conduct while ignoring his victimization and rehabilitation in custody. Third, he argues that the court erred in finding that he had not met his burden of establishing that he was no longer a danger to the community.

We disagree. For one, the district court did not depart from our precedent in evaluating Uribe's motion. Although the district court mistakenly stated that the Government opposed a sentence reduction, that error alone does not require reversal. Here, the district court concluded that Uribe offered "extraordinary and compelling reasons" for a reduction but rejected his motion based on its evaluation of the § 3553(a) factors and his dangerousness. That was sufficient under our precedent. *Compare United States v. Marcussen*, 15 F.4th 855, 858-59 (8th Cir. 2021) (finding no abuse of discretion where district court denied motion for sentence reduction, in part, based on its evaluation of § 3553(a) factors even though the Government had conceded existence of "extraordinary and compelling reasons"), *with Sims*, 87 F.4th at 919-20 (concluding district court's failure to address movant's arguments concerning his "extraordinary and compelling reasons" for reduction was an abuse of discretion). Likewise, the district court did not abuse its "broad discretion" in weighing the § 3553(a) factors. *See Marcussen*, 15 F.4th at 859. The district court heard arguments concerning Uribe's victimization and rehabilitation in custody and properly weighed those factors against its views of his criminal conduct and dangerousness. *See United States v. Isler*, 983 F.3d 335, 344 (8th Cir. 2020) ("[A]

district court has wide latitude to assign weight to sentencing factors, and the district court may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal." (citation modified)). Lastly, considering Uribe's violent pre-incarceration conduct and disciplinary record while in custody, we discern no abuse of discretion in the district court's conclusion that Uribe failed to meet his burden of establishing his lack of dangerousness.

Accordingly, the judgment of the district court is affirmed.

_____